IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Richard H Hartman II
    Plaintiff

vs.

CIVIL ACTION
FILE NO: 8:11 cv 2477 24 TGW

Dynamic Recovery Services, Inc.
Jane Doe No. 1, A/K/A 'Ms. Lovelace'
    Defendants
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Richard H Hartman II, brings this action against Defendant Dynamic Recovery Services, Inc. ("DRS") and Defendant Jane Doe on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of a consumer debt. Plaintiff, an individual, institutes this action for statutory damages against each Defendant, as well as attorney fees and the costs of this action Jointly and Severally against all Defendants, for violations of the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act ("FCCPA"), Title XXXIII, Chapter 559, Part VI, Florida Statutes.

## PARTIES

1. Plaintiff is a natural person, residing in the city of Hudson, Pasco County, Florida.

2. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3)

3. Defendant DRS is a Texas corporation engaged in the business of collecting debts, with its principal place of business located at 4101 McEwen Road, Suite 150, Farmers Branch, TX 75244.

4. Defendant DRS may be served upon its President, J.D. Shade, 4101 McEwen Road, Suite 150, Farmers Branch, TX 75244.

5. Defendant DRS is engaged in the collection of consumer debts using the telephone, the US mail and all other means at its disposal.

6. Defendant DRS regularly attempts to collect consumer debts alleged to be due to another.

7. Defendant DRS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692A(6).

8. Defendant Jane Doe is an employee of Defendant DRS.

9. Defendant Jane Doe identified herself only as "Ms. Lovelace" to Plaintiff.

10. Defendant Jane Doe may be served at her place of business, located at 4101 McEwen Road, Suite 150, Farmers Branch, TX 75244.

## JURISDICTION AND VENUE

11. Jurisdiction is conferred on this Court by 15 U.S.C. § 1692k(d), 28 U.S.C . § 1331 and 28 U.S.C. § 1367.

12. Venue in this District is proper in that Defendants conduct business here and the conduct complained of occurred here.

## STATUTORY STRUCTURE FDCPA

13. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses (15 U.S.C. § 1692k).

14. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt (15 U.S.C. § 1692a(3)).

15. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes (15 U.S.C. § 1692a(5)).

16. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another (15 U.S.C. § 1692a(6)).

17. Under the FDCPA, a debt collector must disclose in the initial and all subsequent communications with a consumer, that the communicator is a debt collector and is attempting to collect a debt (15 U.S.C. § 1692e(11)).

18. Under the FDCPA, within five days after the initial communication with a consumer, a debt collector is required to send written notice to the consumer containing the amount of the debt, the name of the creditor to whom the debt is owed, and statements explaining the procedures for disputing the debt (15 U.S.C. § 1692g).

19. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages sustained by such person as a result of such failure, as well as statutory damages up to $1,000, attorney's fees as determined by the Court and the costs of litigation (15 U.S.C. § 1692k).

## STATUTORY STRUCTURE FCCPA

20. Under the FCCPA, a debt collector may not assert the existence of a legal right to attempt to collect a debt when the debt collector knows such legal right does not exist (FCCPA 559.72(9)).

21. Under the FCCPA, a debt collector may not willfully engage in any other conduct, which can reasonably be expected to abuse or harass the debtor or any member of her or his family (FCCPA 559.72(7).

22. Any debt collector who fails to comply with any provision of FCCPA 559.72 is liable for actual damages, statutory damages not to exceed $1,000, reasonable attorney's fees and court costs (FCCPA 559.77(2)).

## FACTS

1. Plaintiff is involved in a dispute with GTE Federal Credit Union ("GTE") over an alleged consumer debt.

2. The alleged debt was incurred for the personal, family, or household use of the Plaintiff.

3. Defendant DRS has been contracted by GTE as a debt collector to collect the alleged debt.

4. On October 6, 2011, a DRS representative called Plaintiff on his cellular telephone regarding the alleged debt.

5. The representative specified in paragraph 4 identified herself only as "Ms. Lovelace."

6. The representative specified in paragraph 4 left a message on Plaintiff's voice mail.

7. In her voice mail message, the representative specified in paragraph 4 asked to be called back at 1-800-886-8088, extension 2241.

8. The representative specified in paragraph 4 did not identify herself or her company as a debt collector in the message she left for Plaintiff.

9. The telephone number 1-800-886-8088 belongs to Dynamic Recovery Services, Inc.

10. Dialing extension 2241 takes the caller to a 'Mrs. Lovelace.'

11. Several hours after the forgoing message was left for Plaintiff, he returned the telephone call.

12. When his telephone call to DRS was answered, Plaintiff informed the operator that he would be recording the telephone call.

13. The telephone call was ultimately transferred to "Ms. Lovelace."

14. "Ms. Lovelace" did not identify herself as a debt collector during the telephone call specified in paragraphs 10-12.

15. No other employee of DRS identified it as a debt collector during the telephone call specified in paragraphs 11-13.

16. There was no recorded message identifying DRS as a debt collector during the telephone call specified in paragraphs 11-13.

17. During the telephone call specified in paragraphs 11-13, "Ms. Lovelace" advised Plaintiff that she would not be providing him with written notice pertaining to the debt.

18. As of the date this lawsuit was filed, Plaintiff has not received any written notice of any type from DRS.

## CAUSES OF ACTION

## COUNT I.

### FDCPA VIOLATIONS BY DEFENDANT JANE DOE, A/K/A. "MS. LOVELACE"

19. Defendant Jane Doe violated 15 U.S.C. § 1692e(11) on two occasions on 10/6/2011 when she communicated with Plaintiff twice without identifying herself as a debt collector.

## COUNT II.

## FCCPA VIOLATIONS BY DEFENDANT JANE DOE, A/K/A. "MS. LOVELACE"

20. Defendant Jane Doe violated FCCPA 559.72(9) when she knowingly violated Federal consumer protection statutes during her communications with Plaintiff.

21. Defendant Jane Doe violated FCCPA 559.72(7) when she knowingly violated Federal consumer protection statutes during her communications with Plaintiff.

## COUNT III.

## FDCPA VIOLATIONS BY DYNAMIC RECOVERY SERVICES, INC.

22. DRS violated 15 U.S.C. § 1692e(11) on two occasions on 10/6/2011 when its employee, Defendant Jane Doe, communicated with Plaintiff twice without identifying herself as a debt collector.

23. DRS violated 15 U.S.C. § 1692g when it did not provide written notice concerning the alleged debt to Plaintiff within five days of its first communication with Plaintiff.

## COUNT IV.

## FCCPA VIOLATIONS BY DYNAMIC RECOVERY SERVICES, INC.

24. DRS violated FCCPA 559.72(9) when its employee, Defendant Jane Doe, knowingly violated Federal consumer protection statutes during her communications with Plaintiff.

25. DRS violated FCCPA 559.72(7) when when its employee, Defendant Jane Doe, knowingly violated Federal consumer protection statutes during her communications with Plaintiff.

## CLAIM FOR RELIEF

26. Plaintiff is entitled statutory damages from Defendant Jane Doe for the violations of 15 U.S.C. § 1692e(11) in an amount not to exceed $1,000.

27. Plaintiff is entitled statutory damages from Defendant Jane Doe for the violations of 559.72(9) and FCCPA 559.72(7) in an amount not to exceed $1,000.

28. Plaintiff is entitled statutory damages from Defendant DRS for its violations of 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692g in an amount not to exceed $1,000.

29. Plaintiff is entitled statutory damages from Defendant DRS for its violations of FCCPA 559.72(9) and FCCPA 559.72(7) in an amount not to exceed $1,000.

30. Plaintiff is entitled to attorney's fees and the costs of litigation.

## JURY DEMAND

Plaintiff respectfully demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Richard H. Hartman respectfully requests this Honorable Court find in Plaintiff's favor and enter Judgment against the Defendants for the following:

1. Statutory damages of $1,000 from each Defendant, pursuant to FDCPA, 15 U.S.C. § 1692k.

2. Statutory damages of $1,000 from each Defendant, pursuant to FCCPA 559.77(2).

3. Reasonable attorney's fees and costs of this action, pursuant to FDCPA, 15 U.S.C. § 1692k.

4. Such other and further relief that the Court deems just and proper under the circumstances.

Respectfully submitted October 28, 2011.

Richard H. Hartman, Plaintiff
12528 Shadow Ridge Blvd
Hudson, FL, 34669
813-486-8287
Rick@RickHartman.com